UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EDWARD G. MCCUSKER,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 17-cv-11334-DLC |

**MEMORANDUM AND ORDER ON PLAINTIFF'S APPEAL OF THE RULING OF THE MEDICAL MALPRACTICE TRIBUNAL**

CABELL, U.S.M.J

### I. INTRODUCTION

*Pro se* plaintiff Edward McCusker asserts claims of medical malpractice and negligent infliction of emotional distress (NIED) against the United States based on the allegedly substandard care he received while incarcerated at Federal Medical Center (FMC) Devens.[1] McCusker alleges that, after he was hospitalized following an assault within the facility, staff at FMC Devens withheld basic treatment from him and failed to comply with the discharge instructions from the hospital, resulting in permanent injury to his eyes.

---

[1] McCusker has since completed serving his term of incarceration.

On June 24, 2019, the court referred the matter to a medical malpractice tribunal pursuant to M.G.L. c. 231, § 60B. (Dkt. No. 101). On August 31, 2023, the tribunal found that the evidence McCusker had presented was not "sufficient to raise a legitimate question of liability appropriate for judicial inquiry," and instead reflected "merely an unfortunate medical result." (Dkt. No. 123, p. 3) (quoting M.G.L. c. 231, § 60B). As part of its finding, the tribunal ordered McCusker to post a bond of six thousand ($6,000) dollars within 30 days or else face dismissal of this action. (*Id.*). To ensure that things moved along in a timely manner, this court on September 18 also directed McCusker to either post a bond or file a motion appealing the tribunal's ruling. (Dkt. No. 124). McCusker opted for the latter approach and filed the instant motion (after requesting and receiving an extension). (Dkt. No. 132).

McCusker in his motion ostensibly seeks three forms of relief. First, he appeals the tribunal's finding. Second, he argues for the first time that he never should have been required to submit his claims to the tribunal and moves that he therefore be permitted to continue his suit against "non-licensed staff" at FMC Devens. Finally, he argues that the tribunal's finding does not reach his NIED claim and he therefore should be permitted to continue to pursue that claim. The United States timely opposed the motion, arguing that the tribunal's finding is correct and that McCusker's

2

other arguments are untimely.  (Dkt. No. 133).[2]  For the reasons that follow, the court affirms the tribunal's ruling and otherwise denies McCusker's motion.

**II. APPEAL OF THE TRIBUNAL'S FINDING**

Under Massachusetts law, every action for medical malpractice must be submitted to a medical malpractice tribunal for screening. M.G.L. c. 231, § 60B.  The tribunal's role is to "determine if the evidence presented [by the plaintiff] if properly substantiated is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's case is merely an unfortunate medical result." *Id.*  If the tribunal makes the latter finding, the plaintiff must post a bond in the amount of six thousand dollars (or less if reduced by the tribunal on the plaintiff's motion) within 30 days of the finding or else face dismissal of the action.  *Id.*  The purpose of this statutory screening process is to discourage frivolous medical malpractice claims to avoid unnecessary premium increases for malpractice insurance.  *Lane v. Winchester Hosp.*, 187 N.E.3d 1025, 1028 (Mass. App. Ct. 2022).

Under this framework, "[t]he plaintiff has the burden of showing the tribunal that (1) the defendant is a health care provider, (2) there is evidence that the defendant's performance

---

[2] McCusker also filed a reply brief in support of his appeal.  (Dkt. No. 134). The court considers this reply notwithstanding McCusker's failure to seek the court's leave before filing it as required by Local Rule 7.1(b)(3).

did not conform to good medical practice, and (3) damages resulted therefrom." *DeLong v. Bigio*, Civil Action No. 17-11783-PBS, 2019 WL 13395243, at *2 (D. Mass. May 7, 2019) (citing *Santos v. Kim*, 706 N.E.2d 658, 660-61 (Mass. 1999)). The "plaintiff's offer of proof is sufficient if 'anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.'" *Id.* (quoting *Feliciano v. Attanucci*, 119 N.E.3d 1209, 1213 (Mass. App. Ct. 2019)). However, the plaintiff must offer evidence; mere allegations are insufficient. *DiGiovanni v. Latimer*, 454 N.E.2d 483, 485 (Mass. 1983).

Here, as noted above, the tribunal found that McCusker failed to offer sufficient evidence to make out a colorable medical malpractice claim. The materials McCusker presented to the tribunal consisted of a cover letter, a certificate of service, a copy of the operative complaint in this action, and an assortment of medical records from FMC Devens, HealthAlliance Hospital, and the Massachusetts Eye and Ear Infirmary. (Dkt. No. 123, Findings of the Medical Malpractice Tribunal). McCusker indicated in his cover letter that he also intended to submit "medical records and statements from [his] [e]ye [s]urgeon and [o]phthalmologist," (*id.* at p. 4), but it appears that he never did so. Notably, the medical records that McCusker did submit are all from the date of the assault or the day after.

McCusker argues that the tribunal's finding was erroneous because the depredations he suffered upon returning to FMC Devens from his hospitalization -- namely the withholding of ice and pain medication, the removal of his "fox shield" over his eye, and his placement in a cell rather than a hospital bed -- were obvious deviations from the standard of care.  The problem for McCusker is that he did not present evidence to substantiate his account of the mistreatment he allegedly suffered.  Of the materials McCusker submitted to the tribunal, only the medical records constitute evidence.  The cover letter and the complaint are only McCusker's allegations reduced to writing, and allegations are not enough to clear even the tribunal's low standard of proof.  *See DiGiovanni*, 454 N.E.2d at 485; *see* M.G.L. c. 231, § 60B (describing categories of evidence admissible before a medical malpractice tribunal).

As for the medical records, none of them indicate that FMC Devens staff withheld ice or pain medication from McCusker or removed his fox shield.  Indeed, the latest of the records, memorializing a clinical encounter between McCusker and Physician Assistant Julie Taylor on June 4, 2014 (the day after the assault) at 2:04 pm, notes that McCusker was "already taking acetominophen [sic] for pain."  (Dkt. No. 123, p. 33).  At most, the records indicate (1) that McCusker was placed in an "SHU holding cell" after returning from the hospital, (*id.* at p. 28), and (2) that McCusker's eye doctor did not co-sign the previously mentioned

5

physician assistant note until June 9, 2014. (*Id.* at p. 23). Even if, drawing all reasonable inferences in McCusker's favor, this were enough to establish a deviation from good medical practice, McCusker still would not prevail because there is no evidence in the record that anything the staff at FMC Devens did caused him injury. *See Bigio*, 2019 WL 13395243, at *2. In fact, nothing in the record aside from McCusker's bare allegations even indicates that he has suffered the permanent injuries he claims. This alone is sufficient to affirm the tribunal's finding.

Further, the court notes that "[t]he tribunal's conclusion that the plaintiff has failed to submit sufficient evidence to support his claim is buttressed by his failure to submit any expert opinion of malpractice." *DeLong v. Nelson*, Civil Action No. 17-11783-PBS, 2019 WL 13395244, at *4 (D. Mass. Nov. 19, 2019). "Only in 'exceptional cases,' where negligence or a harmful result are obvious to a lay person, may a finding of malpractice be made without testimony by an expert." *Id.* (citing *Civitarese v. Gorney*, 266 N.E.2d 668, 671 (Mass. 1971)). There is no indication that McCusker ever attempted to provide an expert opinion or requested that the tribunal exercise its statutory authority to appoint an impartial expert. *See* M.G.L. c. 231, § 60B. To be sure, McCusker argues that this is a case where negligence would be obvious to a layperson. Again, though, it is far from obvious that this purported negligence caused the serious injuries that McCusker

6

claims. This failure to provide evidence of causation is independently fatal.

Taken together, the lack of evidence that McCusker has suffered the lasting injuries he claims, coupled with the lack of an expert opinion that the conduct of staff at FMC Devens caused those injuries, more than suffices to support the tribunal's conclusion that McCusker failed to make a sufficient offer of proof. The court therefore affirms the tribunal's finding.

### III. PROPRIETY OF SUBMISSION TO THE TRIBUNAL

As noted, McCusker argues in addition that his claims should not have been subject to the tribunal in the first place. This is so, he contends, because some of the negligent acts and omissions that caused his injuries were perpetrated by non-medical staff at FMC Devens. These non-medical staff are not health care providers as defined by the statute, the argument goes, and so their actions are not subject to tribunal review. M.G.L. c. 231, § 60B; *Carter v. Bowie*, 736 N.E.2d 385, 388 (Mass. 2000) (citing *Perez v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 602 N.E.2d 570, 573 (Mass. 1992)).

Assuming *dubitante* that McCusker's characterization of his claims is accurate,[3] the time for him to raise this argument has

---

[3] In a memorandum and order issued on June 24, 2019, the court construed the operative complaint as asserting claims of (1) deliberate indifference to McCusker's serious medical needs in violation of the Eighth Amendment, (2) medical malpractice, (3) intentional infliction of emotional distress (IIED), and (4) NIED. (Dkt. No. 99, pp. 5, 22). The court went on to dismiss the

7

long since passed. The medical malpractice tribunal first arose as an issue in this case on March 8, 2018, when the United States filed its first motion to dismiss based in part on McCusker's failure to present his case to a tribunal. (Dkt. Nos. 51, Motion to Dismiss; 52, Deft's Memo in Support of Motion to Dismiss, pp. 15-18). In opposing the motion, McCusker did not engage with the particular statutory requirement at issue, nor did he suggest that it did not apply to him for the reasons he now advances. (Dkt. No. 69, Pltf's Opposition to Motion to Dismiss, p. 5). In its June 2019 ruling on the government's first motion to dismiss, the court decided that McCusker was required to present his case to a medical malpractice tribunal, and stayed the action until he did so. (Dkt. No. 99, pp. 18-19, 22). McCusker never sought reconsideration of that order or otherwise objected to the referral to the tribunal.

Fast forward to November 6, 2020, when the United States filed another motion to dismiss based on McCusker's failure to file an offer of proof with the tribunal. (Dkt. No. 110). This event presented McCusker with yet another opportunity to raise his

---

deliberate indifference and IIED claims, leaving only claims for medical malpractice and NIED against the United States. (*Id.* at pp. 10-16, 22-22). McCusker has never asked the court to reconsider its ruling or otherwise objected to the court's interpretation of the amended complaint. Additionally, the United States points out that, except for the warden of FMC Devens, the individual defendants named in the complaint (who have since been dismissed) are all medical providers and not the non-medical staff members who McCusker now alleges are partly responsible for his injuries.

8

argument that his claims were not subject to tribunal review.[4] He did not do so and, instead, sought and received an extension of time to file his offer of proof. (Dkt. Nos. 114; 115).

Then, on March 9, 2021, after that extended deadline had elapsed with no action on McCusker's part, the United States moved anew to dismiss the case. (Dkt. No. 117). Once again, McCusker filed an opposition but he did not object to proceeding before the tribunal. (Dkt. No. 118).

Against that backdrop, it is only now, a full four years after the court's referral of McCusker's claims to the tribunal, and only after an adverse finding, that McCusker has raised this argument. This is, simply, too little too late. By not raising the issue until now, the court finds that McCusker has waived any argument that the alleged involvement of non-medical staff means that his claims are not subject to tribunal review. *See Butler v. Deutsche Bank Tr. Co. Ams.*, 748 F.3d 28, 36 (1st Cir. 2014) (finding plaintiff waived argument by not raising it in his opposition to a motion to dismiss); *see also Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural and substantive law.").

---

[4] The court does not take a position on whether the argument would have been timely even at that point, some 17 months after the initial referral to the tribunal.

**IV.   MCCUSKER'S NIED CLAIM**

Finally, McCusker argues that, regardless of whether some part of his case is properly subject to the tribunal, his claim for NIED is not.  This argument, unlike the previous one, is timely.  The court first explicitly notified McCusker that the NIED claim was subject to the tribunal's finding in its memorandum and order dated September 18, 2023.  (Dkt. No. 124, p. 4 n.5).  This motion is McCusker's first opportunity to respond to the court's order.

McCusker asserts that his NIED claim should not be subject to the tribunal's finding because NIED and medical malpractice are legally distinct causes of action and NIED can occur without medical malpractice.  This is correct as far as it goes, but it misses the point.  McCusker's NIED claim is subject to the tribunal's finding because it overlaps with his medical malpractice claim factually, not legally.

Under Massachusetts law, "all 'treatment-related' claims [are to] be referred to medical malpractice tribunals."  *Lane v. Winchester Hosp.*, 187 N.E.3d 1025, 1027-28 (Mass. App. Ct. 2022) (citing *Little v. Rosenthal*, 382 N.E.2d 1037, 1040 (Mass. 1978)). "In determining whether a claim is 'treatment-related,' courts look to the underlying factual allegations, not the legal theory advanced."  *Bigio*, 2019 WL 13395243, at *3 (citing *Johnston v. Stein*, 562 N.E.2d 1365, 1366 (Mass. App. Ct. 1990) (rescript)).

10

Here, the negligent acts and omissions that McCusker pleads as the cause of his emotional distress -- the withholding of ice and pain medication, the removal of his fox shield, his placement in a cell, and the general failure to follow the discharge instructions from the Massachusetts Eye and Ear Infirmary -- are the same negligent acts that underlie his medical malpractice claim.  As such, McCusker's NIED claim, despite being legally distinct from his medical malpractice claim, relies on the same facts, and is thus "treatment-related," and properly subject to tribunal review.  *See Horan v. Cabral*, Civil Action No. 16-10359-MBB, 2018 WL 2187368, at *2 (D. Mass. May 11, 2018) (referring negligence claim to medical malpractice tribunal where claim implicated health care provider's professional judgment); *Audette v. Carrillo*, Civil Action No. 15-13280-ADB, 2017 WL 1025668, at *4 (D. Mass. Mar. 16, 2017) (referring plaintiff's "clearly 'treatment-related'" claims, including NIED claim, to medical malpractice tribunal).

## V. CONCLUSION

For the foregoing reasons, the court AFFIRMS the finding of the medical malpractice tribunal and otherwise DENIES McCusker's motion.  Because McCusker did not post the required bond by the deadline, the court orders that this case be dismissed.


**So ordered.**                                      /s/ Donald L. Cabell
                                                     DONALD L. CABELL, U.S.M.J.

DATED: December 13, 2023